UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT COOVER,<br>    *Plaintiff*, | : | |
| | : | CIVIL CASE NUMBER: |
| v. | : | 3:16-cv-00013-VLB |
| | : | |
| CAROL CHAPDELAINE, Warden, MWCI<br>sued in her individual capacity, *et al.*,<br>    *Defendants*. | : | April 15, 2016 |

## Memorandum of Decision

After being "brutally and viciously assaulted" by two other inmates while in Department of Correction ("DOC") custody, Robert Coover brought this civil rights complaint seeking to hold prison officials liable for failing to protect him from the past assault and the substantial likelihood of a future assault. ECF No. 1 (Compl.) at ¶¶ 6–7, 15, 28. The complaint contains the following relevant allegations. The assault was committed by family members of Anthony Meadows,[1] who Coover was charged with and ultimately acquitted of murdering. *Id.* at ¶¶ 18–19. The Office of the State's Attorney informed Defendants Wardens Carol Chapdelaine and Timothy Farrell ("Wardens") that Coover must be separated from Meadows's known associates and family members. *Id.* at ¶¶ 13, 26. Knowing this information, Wardens should have created a "separation profile" both before—and especially after—the attack. *Id.* Coover seeks a permanent injunction creating "a separation profile placement . . . keep[ing] [him] separated from all known associates/family members of the victim." *Id.* at 11 (.pdf pagination).

---

[1] *See* D. Conn. 15-cv-1543, ECF No. 10 (Am. Compl.) at ¶ 9.

Coover now moves for a temporary restraining order and preliminary injunction preventing his transfer from Garner Correctional Institution. ECF No. 22. He attaches a declaration in support, which when liberally construed incorporates by reference the factual allegations in his complaint, averring as follows. ECF No. 22-1 (Decl.). Coover was assaulted by members of Meadows's family after DOC failed to create a separation profile. *Id.* at ¶ 2. Meadows has several family members with gang ties in various level three and four correctional facilities throughout Connecticut. *Id.* at ¶ 3. If Coover is transferred to another correctional facility, he will be assaulted again. *Id.* at ¶ 5. Coover also moves for an emergency hearing to handle on his motion for a temporary restraining order and preliminary injunction. ECF No. 23.

Coover is not entitled to the specific relief sought. As a general matter, federal courts are loath to interfere with inmate transfers. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States."). And there is no reason for usurping the discretion rightfully afforded to DOC in this instance. Coover may be perfectly safe—or even safer—in a different correctional institution because it does not house Meadows's known associates and family members or because the particular makeup or practices of that facility make it safer. The requested relief also fails because it does not redress the constitutional claims alleged in the complaint. *See Allen v. Wright,* 468 U.S. 737, 758 (1984) (finding redressability lacking where it was "entirely speculative" whether respondents' desired remedy—an injunction against the IRS—would

remedy their alleged injury—failure of their children to receive a desegregated public education). It does not prevent Meadows's known associates and family members from being transferred into Garner Correctional Institution. The Court thus DENIES the specific request for relief because it is both over- and under-inclusive.

But this is not to say that Coover is entitled to no relief whatsoever. Coover's complaint and subsequent declaration indicate that he fears for his safety because, even after Coover was assaulted, prison officials have failed to create a "separation profile," one of DOC's established procedures for ensuring inmate safety in accordance with the Eighth Amendment. ECF Nos. 1 (Compl.); 22-1 (Decl.); *see also* DOC Directive 9.9. Coover seeks this specific injunctive relief in his complaint. ECF No. 1 (Compl.) at 11 (.pdf pagination). Liberally construed, Coover also seeks this relief in his current motion for a temporary restraining order and preliminary injunction. *See Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (observing courts should read a pro se complaint with "special solicitude" and interpret the complaint "to raise the strongest claims that it suggests" (internal quotation marks and alterations omitted)).

Generally, a party seeking a temporary restraining order or a preliminary injunction "must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 405–06 (2d Cir.2011) (internal quotation marks omitted). However,

where a plaintiff seeks a mandatory injunction, *i.e.,* "one that alter[s] the status quo by commanding some positive act," a higher standard applies. *Rush v. Fischer,* 2011 WL 6747392, at *2 (S.D.N.Y. Dec. 23, 2011) (alteration in original) (internal quotation marks omitted); *accord Cacchillo*, 638 F.3d at 405–06.  The party seeking the injunction must show a "'clear' or 'substantial' likelihood of success." *Griffin v. Alexander,* 466 F. App'x 26, 28 (2d Cir. 2012) (quoting *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996)).

Coover satisfies the first prong.  His complaint alleges the existence of an ongoing Eighth Amendment violation—namely, prison officials have knowingly failed to create a "separation profile," and the lack of one places Coover at a substantial risk of further serious bodily harm.  *See* ECF No. 7 (Initial Review Order).  "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir. 1984).

Coover also satisfies the second prong.  His declaration, which when liberally construed incorporates the factual allegations contained in his complaint, establishes an Eighth Amendment violation.  *See* ECF Nos. 7 (Initial Review Order); 22-1 (Decl.) at ¶ 2.  Moreover, separation profiles are one of DOC's established means "to reduce any substantial risk to [inmate] personal safety"—that is, to ensure inmate safety in accordance with the Eighth Amendment.  *See* DOC Directive 9.9.  Defendants answer that "[they] lack knowledge or information sufficient to form a belief" as to whether Coover has a separation profile.  ECF No. 17 (Answer) at ¶ 26.  All of these facts demonstrate a substantial likelihood of

success.  Further, the present record suggests that the balance of hardships favor Coover.  Coover has already been assaulted while in DOC custody because DOC failed to create and maintain a security profile.  He avers that the assault was severe.  The *de minimus* cost of creating a separation profile in accordance with already established procedures is substantially outweighed by the substantial risk of serious physical harm.

The Court therefore GRANTS the so-construed request for a temporary restraining order.  Wardens, or their successors, are hereby ordered to create a separation profile (or other designation consistent with established practice and procedure) preventing Coover from being housed, transported, recreated, employed, or otherwise in contact with any of Meadows's known associates or family members.  The Court, however, cannot grant a preliminary injunction without affording Defendants an opportunity to respond.  Fed. R. Civ. P. 65(a).  Defendants shall file a written opposition on or before April 22, 2016.  The Court will hold a hearing on Tuesday, April 28, 2016 at 4:45 PM.

IT IS SO ORDERED.

                                                          /s/
                                     **Vanessa L. Bryant**
                                     **United States District Judge**

Order dated in Hartford, Connecticut on April 15, 2016.